WILLOUGHBY HILLS (VILLAGE), A MUNICIPAL CORPORATION, PLAINTIFF-APPELLEE, *v.* MEDVED ET, DEFENDANTS-APPELLANTS.

Ohio Appeals, Seventh District, Lake County.

No. 667. Decided December 9, 1961.

*Mr. Paul H. Torbet,* for plaintiff-appellee.
*Mr. Harold E. Frye,* for defendants-appellants.

GRIFFITH, J.   The case is before us on appeal on questions of law and fact from the Common Pleas Court of Lake County.

We have before us the one hundred sixty page transcript of testimony that was taken in the lower court, the transcript of the pleadings and numerous exhibits.

It appears that the Village of Willoughby Hills on August 2, 1954, enacted Ordinance Number 1954-30 establishing a zoning code for the village and classifying the real property therein into two use districts, to-wit: residential districts and commercial districts.

The land in question in this case was classified in the residential district of the village.

In 1960 the defendant purchased the land by warranty deed, subject, however, to the zoning restrictions thereon.

After acquiring title the defendant, Medved, determined to sell gravel in violation of the zoning ordinance, and in carrying on the mining and hauling away of gravel from the premises for commercial purposes.

Action was commenced by the village pursuant to Section 713.13, Revised Code, to enjoin the violation of the ordinance.

The defendant, landowner, contends that the ordinance is unconstitutional in that it constitutes a prohibition and not a

regulation of the use of the land, is confiscatory in nature, and wholly invalid.

This court is of the opinion that a permanent injunction should be issued against the defendants in accordance with the prayer of the plaintiff's petition, and a judgment should be rendered and is rendered in favor of the plaintiff, and it is further ordered that the cross-petition of the defendants be and the same is hereby dismissed.

The evidence clearly discloses that the neighborhood involved was residential in character, and that the gravel mining of this property would depreciate the value of the adjoining residential property, all of which is clearly in violation of the zoning ordinance.

We also find, and determine that the zoning resolution restricting the use of this area to residential purposes bears a very substantial relationship to public safety, comfort, morals, and general welfare, and the injunctive relief sought in this case is granted.

Judgment for plaintiff as in the court below.

BROWN, P. J., DONAHUE, J., concur.